**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RITA MENDEZ,

                        Plaintiff,

     v.                                              1:19-CV-468 (LEK/CFH)

ALBANY COUNTY DEPARTMENT OF
SOCIAL SERVICES,

                        Defendant.

---

**APPEARANCES:**

Rita Mendez
128 Fairground Circle, Apt. 508
Stroudsburg, Pennsylvania 18360
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff pro se Rita Mendez commenced this action on April 15, 2019, in the Eastern District of Pennsylvania with the filing of a complaint and application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2 ("Compl."). The Eastern District of Pennsylvania sua sponte transferred the case to this Court. Dkt. No. 4, 5. Presently pending before the Court is plaintiff's application to proceed IFP. After reviewing plaintiff's application, the undersigned concludes that plaintiff may properly proceed IFP for purposes of filing. The undersigned must now assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

## II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

2

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355

3

(N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B. Allegations in Complaint

Plaintiff contends that on July 10, 2018, plaintiff was forced to pay for taxi transportation for Guaironex Martinez, who was being released from the Grand Nursing Home in Albany County. Apparently Mr. Martinez was "being discharged with no available transportation" because the "available transport" had limited space and Mr. Martinez had too many "things allowed n [sic] not enough money." Compl. at 5. Plaintiff

4

paid $800.00 for Mr. Martinez to take a taxi from Albany to Stroudsburg and requested that the Albany County Department of Social Services reimburse her for this expense. Id. Apparently, the Albany County Department of Social Services initially indicated that they would reimburse plaintiff for the transport cost, but then later refused to reimburse her. Id. Plaintiff requests that Albany County Department of Social Services be compelled to pay her $800. Id. at 6.

### C. Analysis

Plaintiff's complaint must be dismissed because this Court does not have jurisdiction. Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). Federal jurisdiction is only available when a "federal question" is presented, 28 U.S.C. § 1331, or the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) (internal citation omitted).

Here, the Court has neither federal question jurisdiction nor diversity jurisdiction. There is no federal question jurisdiction here. To invoke federal question jurisdiction,

5

the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). The allegations in plaintiff's complaint do not cite any federal authority as the basis for her claims, and the federal nature of plaintiff's claims is not otherwise apparent, nor can it be reasonably inferred from the allegations in the complaint. Further, there is no diversity jurisdiction because, although plaintiff and defendant are citizens of different states, the amount in controversy is less than $75,000, which precludes a finding of diversity jurisdiction. 28 U.S.C. § 1332(a). Having concluded that the complaint fails to establish that this Court has subject matter jurisdiction over plaintiff's complaints, the case must be dismissed. Accordingly, it is recommended that plaintiff's complaint be dismissed with prejudice for lack of subject matter jurisdiction.

Ordinarily, given Plaintiff's pro se status, the Court would recommend that he be given an opportunity to amend prior to an outright dismissal. See Cuoco, 222 F.3d at 112. However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id. Because lack of subject matter jurisdiction is a substantive defect, the undersigned recommends dismissal with prejudice and without leave to amend. Butler v. Geico General Ins. Co., 1:18-CV-1493 (GLS/DJS), 2019 WL 330591, at *3 (N.D.N.Y. Jan. 25, 2019); Deuel v. Dalton, No. 1:11-CV-0637 (GTS/RFT), 2012 WL 235523, at *8 n.19

6

(N.D.N.Y. Jan. 25, 2012).[1]

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's in forma pauperis (dkt. no. 1) is **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 2) be **DISMISSED with prejudice and without opportunity to amend** upon initial review under 28 U.S.C. 1915(e); and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[2]

---

[1] The Court has provided copies of unpublished decisions cited within this Report-Recommendation & Order to plaintiff.

[2] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or

Dated: April 30, 2019
      Albany, New York

_/s/ Christian F. Hummel_
Christian F. Hummel
U.S. Magistrate Judge

_/s/ Christian F. Hummel_
Christian F. Hummel
U.S. Magistrate Judge

---

legal holiday.  Id. § 6(a)(1)(c).