UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RITA MENDEZ,

                        Plaintiff,

   -against-                                                   1:19-CV-468 (LEK/CFH)

ALBANY COUNTY DEPARTMENT OF
SOCIAL SERVICES,

                        Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Rita Mendez brings an application to proceed in forma pauperis ("IFP") and a complaint against the Albany County Department of Social Services. Dkt. Nos. 1 ("IFP Application"); 2 ("Complaint"). The Honorable Christian F. Hummel, United States Magistrate Judge, reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and issued a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 recommending that the Court dismiss the Complaint for lack of subject matter jurisdiction and without leave to amend. Dkt. No. 6 ("Report-Recommendation") at 7. Plaintiff timely objected. Dkt. Nos. 7 & 8 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "Even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

In her Complaint, Plaintiff alleges that Defendant denied her request for reimbursement of the $800 she paid for Guaironex Martinez to take a taxi to Stroudsburg, PA after the Grand Nursing Home in Albany County failed to provide Mr. Martinez transportation after his discharge from the facility. See generally Compl. Both of Plaintiff's Objections reiterate these allegations. See generally First Obj; Second Obj. Neither Objection directly addresses the Magistrate Judge's finding that the Court lacks subject matter jurisdiction. First Obj; Second Obj. Thus, the Court reviews the Magistrate Judge's finding for clear error. Machicote, 2011 WL 3809920, at *2. It finds none.

Even if de novo review were warranted, the Court would still lack subject matter jurisdiction. Generally, federal courts may only exercise jurisdiction if a complaint raises a

2

federal question, 28 U.S.C. § 1331, or if the plaintiff and defendant have diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, there is no federal question because Plaintiff does not cite any federal authority, and her claim that Defendant failed to reimburse her does not "draw[] into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). There is also no diversity jurisdiction because, while Plaintiff and Defendant appear to have diverse citizenship, the amount in controversy is less than $75,000. 28 U.S.C. § 1332(a); Compl. at 3; 6. Thus, the Court lacks subject matter jurisdiction.

The Magistrate Judge recommended dismissing Plaintiff's Complaint with prejudice and without leave to amend. R & R at 7. Because the Court lacks subject matter jurisdiction, however, it cannot dismiss the Complaint with prejudice. Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."). But because the Court agrees with the Magistrate Judge that the Complaint's jurisdictional defects could not be cured by an amendment, the Court denies leave to amend. See Rogers v. Clinton, No. 19-CV-175, 2019 WL 3469462, at *5 (N.D.N.Y. Apr. 1, 2019) (dismissing without prejudice for lack of subject matter jurisdiction, but denying leave to amend) report and recommendation adopted, 2019 WL 3454099 (N.D.N.Y. July 31, 2019) (Kahn, J.); Koso v. Haegele, No. 18-CV-4400, 2018 WL 6531496, at *3 (E.D.N.Y. Dec. 11, 2018) (same).

IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 7) is **APPROVED and ADOPTED** with the exception of the recommendation that the Complaint be dismissed with prejudice; and it is further

**ORDERED**, that the Complaint is **DISMISSED without prejudice but without leave to amend**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  October 25, 2019
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge